ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JOSÉ I. NOÉ MORALES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN DEL GOBIERNO DE PUERTO RICO<br><br>Recurrido | KLRA202300659 | *Revisión Administrativa* Procedente del Departamento de Corrección y Rehabilitación del Gobierno de Puerto Rico<br><br>Núm. de Querella: 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<br><br>Sobre: Revisión Administrativa Informe Disciplinario |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de enero de 2024.

Comparece *in forma pauperis* y por derecho propio, el señor José I. Noé Morales (Sr. Noé; recurrente) para que revisemos una determinación administrativa emitida y notificada el 17 de octubre de 2023 por el Departamento de Corrección y Rehabilitación (DCR). Mediante dicha determinación el DCR encontró incurso al recurrente respecto al acto prohibido 200-contrabando y ordenó la suspensión del privilegio de comisaría por el término de veinte (20) días. Solicita que revoquemos la decisión que declaró No Ha Lugar la solicitud de Reconsideración presentada por el recurrente el 1 de noviembre de 2023 y que dejemos sin efecto la sanción impuesta al Sr. Noé.

Adelantamos que confirmamos el dictamen administrativo recurrido, sin trámite ulterior, bajo en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5).[1]

---

[1] La Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]."

**I**

El Sr. Noé se encuentra confinado en la Institución de Ponce Principal y el 6 de septiembre de 2023 se le radicó un Informe de Querellas de Incidente Disciplinario por unos hechos ocurridos ese mismo día.[2] En cuanto a estos, el recurrente expuso en el manuscrito que presentó ante nosotros lo siguiente:

> Que el día de los alegados hechos y según alegado por el Querellado en la Solicitud de Reconsideración, en síntesis, el Querellante Of. Orengo se persona al Área de Viviendas a eso de las 8:30 AM, el Querellado procede a vestirse, saliendo del Área solo con la vestimenta para realizar labores, comienzan labores a eso de las 10 AM en el Área de Laundry, la Oficial Colón le solicita al Querellado ayuda para guardar ciertas cosas en el Área de Ropería, regresa al Laundry, varios minutos después la Of. Colón (Ropería) le entrega unas botas al Peticionario quien aprovecha y pide navajas para afeitar. Al regresar nuevamente al Laundry el carrito de transportar la ropa ya estaba cargado y listo para entregar la ropa lavada, le dice el Querellado al Querellante que iba a dirigirse al Control O a entregar la ropa la cual estaba en el interior de los sacos de tela. En ese momento el Oficial Rupbert comenta: "Vamos a registrar el carrito" sin obtener hallazgo alguno al registrado, lo registran por segunda vez y en esta ocasión encuentran un galón alegadamente, galón que nunca se le mostró al Querellado ni su contenido, acto seguido le informa al Querellado que está despedido. Los Oficiales solicitan la presencia de supervisores a lo que se personan Sargentos y Teniente.[3]

A raíz de los acontecimientos, el 19 de septiembre de 2023 se sometió un Reporte de Cargos donde al Sr. Noé se le imputaron los actos prohibidos de posesión de sustancias químicas y de contrabando. Este mismo día fue citado para una vista disciplinaria pautada para el 13 de octubre de 2023.[4] Una vez celebrada, la Oficial Examinador emitió una *Resolución* el 17 de octubre de 2023 donde hizo las siguientes determinaciones de hechos:

- Que el día 6 de septiembre del 2023, el querellante Edicer Orengo se encontraba en el área de laundry de la Institución Ponce Principal.
- Que el querellado trabaja en dicha área.
- Que el querellado tenía una funda y le pregunt[ó] al querellante si podía llevar la funda al control O.
- Que el querellante procedió a registrar la funda.

---

[2] Véase copia del Informe Disciplinario emitido el 6 de septiembre de 2023 anejado al recurso.
[3] Véase copia del Recurso de Revisión Administrativa.
[4] Véase copia de la Citación para Vista Administrativa Disciplinaria emitida el 19 de septiembre de 2023 anejado al recurso.

- Que dentro de la funda había un galón de detergente de lavar.
- Que en el expediente administrativo hay fotografía de lo ocupado.
- Que el querellado el día de la vista negó los hechos.[5]

Tomados en consideración los hechos mencionados y examinada la prueba desfilada en la vista administrativa, la Oficial Examinador encontró al recurrente incurso del cargo de contrabando y desestimó el cargo de posesión de sustancia química.[6] Como resultado, se le impuso la sanción de suspensión del privilegio de comisaría por veinte (20 días).[7]

Inconforme, el Sr. Noé solicitó una reconsideración al DCR[8] la cual fue declarada No Ha Lugar el 13 de noviembre de 2023 y se reafirmó la sanción impuesta por la Oficial Examinadora.[9] En dicha determinación, la Oficial de Reconsideración fundamentó su decisión como sigue:

> Que el confinado/querellado, radicó un recurso de reconsideración donde alega, [q]ue el día de los hechos su presencia fue requerida por la oficial Colón de Ropería para que realizara unas labores allí. Cuando este concluy[ó] el trabajo en ropería, regres[ó] a la lavandería y alega que el carrito para transportar la ropa ya estaba listo para llevar al área de vivienda (Control O). Que el oficial Rupbert le indica que van a registrar el carrito. Proceden a ubicar el mismo al área donde hay unas mesas, sacan la ropa de los sacos, los registran y no encuentran nada. Le indican que se lleve el carrito con la ropa y es cuando el oficial Orengo le indica que va a revisar nuevamente el carrito. Cuando revisa el mismo entonces es que encuentra el galón de clorox. No le asiste la razón al confinado/querellado. Del expediente administrativo surge que el oficial Orengo realiz[ó] la inspección de la funda de tela del confinado/querellado encontrando en su interior la botella de clorox con detergente l[í]quido de lavar. Que el confinado/querellado llevaba esto de contrabando, al área de vivienda. Que el oficial Wilbyn R[up]bert confirma la versión ofrecida por el oficial querellante en el Informe Disciplinario.[10]

Todavía inconforme, el recurrente acude ante nosotros mediante un recurso de revisión judicial y señaló que el foro administrativo cometió el siguiente error:

> Erró el OEUD (Oficial Examinador de Vistas Disciplinarias) y Oficial de Reconsideración Madeline Morales Santiago al encontrar Incurso al Peticionario por 200-Contrabando y

---

[5] Véase copia de Resolución de Querella Disciplinaria emitida el 17 de octubre de 2023 anejado al recurso.
[6] *Id.*
[7] *Id.*
[8] Véase copia de Solicitud de Reconsideración Programa de Desvío y Supervisión Electrónica sometida el 1 de noviembre de 2023 anejada al recurso.
[9] Véase copia de la Determinación emitida el 13 de noviembre de 2023 anejada al recurso.
[10] *Id.*

posteriormente declarar No Ha Lugar la Solicitud de Reconsideración.

**II**

**A**

La revisión judicial de las determinaciones finales administrativas por este Tribunal se realiza al amparo de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.* La Sección 4.5 de la LPAUG dispone, sobre el alcance de la revisión judicial de las determinaciones finales administrativas, lo siguiente:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. 3 LPRA sec. 9675.

Los procedimientos y las decisiones de los organismos administrativos están cobijados por una **presunción de regularidad y corrección**. La norma general es que "las decisiones que emiten las agencias de gobierno merecen una amplia deferencia y respeto, ya que estas poseen una vasta experiencia y un conocimiento especializado sobre los asuntos que por ley se les ha delegado." *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 186 (2009).

Cónsono con lo anterior, "las determinaciones de hechos de una agencia se sostendrán si se fundamentan en evidencia sustancial que obre en el expediente administrativo." 177 DPR, a las págs. 186-187. La evidencia sustancial "es aquella relevante que una mente racional podría entender como adecuada para sostener una conclusión." 177 DPR, a la pág. 187, que cita a *Rebollo v. Yiyi Motors,* 161 DPR 69 (2004). Por lo tanto, la parte afectada debe demostrar que existe prueba en el expediente administrativo que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la

determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 DPR 156, 170 (2005).

De otro lado, las conclusiones de derecho serán revisables en todos sus aspectos por el foro revisor. Los tribunales, como conocedores del derecho, no tenemos que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 470 (2009). No obstante, los tribunales no podemos descartar liberalmente las conclusiones e interpretaciones de la agencia. Incluso, en los casos dudosos, y aun cuando pueda haber una interpretación distinta de las leyes y reglamentos que administran, "*la determinación de la agencia merece deferencia* sustancial." 177 DPR, a la pág. 187.

**B**

El Reglamento 9221, *Reglamento para establecer el procedimiento disciplinario de la población correccional*, promulgado el 8 de octubre de 2020, se aprobó en virtud del *Plan de Reorganización Núm. 2 de 2010*, de 26 de julio de 2010, 3 LPRA Ap. XIII. El fin de la reglamentación fue establecer una estructura disciplinaria para los miembros de la población correccional. *Introducción*, Reglamento 9221*.* Con relación a la controversia esbozada, la Regla 16 del Reglamento 9221 categoriza el contrabando como un acto prohibido de nivel II (menos grave) y lo define de la siguiente manera:

> **Regla 16 – Actos prohibidos de Nivel II (Menos Grave)**
>
> (200) Contrabando--Consiste en la posesión de artículos o materiales considerados no peligrosos, **que no sean suministrados o autorizados por el Departamento de Corrección y Rehabilitación.**
>
> También se considerará contrabando aquellos artículos en exceso de los permitidos en el área de vivienda, tales como los artículos de consumo, o cualquier otro establecido por el Departamento de Corrección y Rehabilitación, excluyendo aquellos tipificados como contrabando peligroso.

**III**

El Sr. Noé acude ante nosotros y nos solicita que revoquemos la determinación No Ha Lugar en cuanto a su solicitud de reconsideración y que dejemos sin efecto la sanción impuesta. Sin embargo, luego de un examen de la disposición reglamentaria, el derecho aplicable y los hechos probados que se desprenden del expediente, resolvemos que el DCR no incurrió en error alguno. El oficial del DCR realizó un registro y encontró contrabando según descrito en la Regla 16 del Reglamento 9221, puesto que el galón con detergente que el recurrente llevaba no estaba autorizado por el DCR, por lo que procedía la sanción impuesta. Más allá de las alegaciones del recurrente, no existe prueba fehaciente en el expediente que nos lleve a cuestionar la investigación cursada.

Finalmente, en el recurso ante este Tribunal de Apelaciones, el Sr. Quiñones no desarrolló una teoría jurídica o fáctica que justifique revocar la determinación administrativa recurrida. En armonía con la deferencia que se ha delegado al DCR y la presunción de regularidad y corrección en sus determinaciones, no hay motivo que nos mueva a intervenir en la determinación de quien posee el conocimiento especializado y quien no ha actuado de manera arbitraria o irrazonable. El recurrente no presentó prueba suficiente para derrotar esta presunción, por lo que debemos confirmar.

**IV**

Por los fundamentos antes expresados, se confirma la determinación administrativa recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones